Thomas TUCKER, II, in his capacity as Personal Representative of the Estate of Thomas Lawrence Tucker, deceased, Plaintiff—Appellant,

v.

UNITED STATES of America, Defendant—Appellee.

No. 99–35775.

D.C. No. CV–98–00139–MHW.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 13, 2000.

Decided May 7, 2001.

Before REINHARDT, WARDLAW, and GOULD, Circuit Judges.

## MEMORANDUM *

The estate of Thomas Tucker appeals the dismissal of his complaint initially brought against Richard Thatcher, manager of a Forestry Service nursery near Boise, Idaho. The original complaint, filed in state court, alleged a state law tort claim. On removal, the United States argued that the Federal Tort Claims Act (FTCA) pre-empted the estate's state law tort claim and filed a motion to certify, asserting that under the Federal Employees Liability Reform and Tort Compensation Act (FELTRCA), 28 U.S.C. § 2679(d)(1), the government, rather than Thatcher, was the appropriate defendant. The government simultaneously filed a motion to dismiss the claim under both Federal Rule of Civil Procedure 12(b)(1) (lack

of subject-matter jurisdiction), and Rule 12(b)(6) (failure to state a claim), because of Tucker's failure to file a timely administrative claim under the FTCA. The estate then amended its complaint to include a claim against Thatcher under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971) alleging a violation of Tucker's right to substantive due process. Thatcher moved to dismiss the *Bivens* claim under Rule 12(b)(6). The district court granted the motion to certify and both the government's and Thatcher's motions to dismiss, and entered judgment in favor of the defendants.

## I.

■ On appeal, Tucker's estate argues that, with respect to the *Bivens* claim, the district court applied the wrong standard of review by considering facts outside the complaint and applying the summary judgment standard to evaluate those facts, yet granting the motion to dismiss.

■ When a district court dismisses a case after considering matters outside the pleadings, we construe the dismissal as a grant of summary judgment. *Jacobson v. AEG Capital Corp.*, 50 F.3d 1493, 1496 (9th Cir.1995). When the district court decides to consider facts outside the complaint it must, however, give the parties notice that it intends to convert the motion to dismiss into a motion for summary judgment, and afford them an opportunity for further briefing. *See* Fed.R.Civ.P. 12(b); *Grove v. Mead School Dist. No. 354*, 753 F.2d 1528, 1532–33 (9th Cir.1985). Notice occurs when a party has reason to know that the court will consider matters outside the pleadings. *Id.*

The court heard argument on the motion to certify in September of 1998, and on the motions to dismiss in November 1998. At the hearing on the government's motion to certify, Tucker's estate was permitted to examine the government's witnesses, and acknowledged that in so doing it received all of the discovery it had sought during the pendency of the lawsuit. At the subsequent hearing on the motions to dismiss, the court notified the parties that it would evaluate Thatcher's 12(b)(6) motion by considering the facts elicited at the hearing on the motion to certify. At that point, the estate had all the information it had requested, as well as notice that the court intended to treat the motion as one for summary judgment. The estate did not object to the court's decision to consider all of the facts before it nor did it file any further papers in opposition. Seven months later, the court granted the motions. Accordingly, it afforded the estate adequate notice of its intended action and an opportunity for further submissions or briefing: it therefore did not err when it applied the summary judgment standard of review.

## II.

■ Tucker's estate's *Bivens* claim alleging that Thatcher violated Tucker's due process rights arises out of Tucker's accidental death. While employed by the United States Forestry Service at its Lucky Peak Nursery near Boise, Idaho, Tucker died of injuries sustained when an illegal firearm, made by another employee at Thatcher's instructions and used to scare birds from germinating tree seedlings, misfired. Tucker's estate claims that Thatcher acted with deliberate indifference in arranging for Tucker to use a home-made firearm as part of the nursery's bird-scare program.

As developed by Thatcher, the bird-scare program required employees to fire "scare-cracker" shells from a shotgun. However, a Forestry Service regulation required all employees using a firearm to be drug tested. To circumvent the drug-test, while continuing to deploy the scare-cracker shells, Thatcher developed a "launcher," which he did not regard as a firearm, made from two pieces of gas pipe. The launcher lacked such safety features as a trigger and a safety catch to prevent misfires; moreover, the shells that were used were designed for a shotgun.

■ In general, the substantive due-process clause of the United States Constitution does not extend to cover the tortious acts of government agents. *See County of Sacramento v. Lewis,* 523 U.S. 833, 847, 118 S.Ct. 1708, 140 L.Ed.2d 1043 (1998) (citing *Daniels v. Williams,* 474 U.S. 327, 332, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986)). However, under certain circumstances the commission of a tort may rise to such a degree of gross negligence as to violate the constitution. *See id.* at 849–850, 118 S.Ct. 1708. For such circumstances to exist, the government agent must affirmatively act so as to put another in danger. *See Penilla v. City of Huntington Park,* 115 F.3d 707, 709 (9th Cir.1997). In such circumstances, where a government agent, with time for reflection, acts with deliberate indifference, such an act rises to the level of a substantive due process violation. *See, e.g., Estelle v. Gamble,* 429 U.S. 97, 104–5, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976).

In the instant case, the undisputed evidence is that participation in the bird-scare program was voluntary. An OSHA report following an investigation of the accident noted that participants in the program were "directed" to use the launcher: however, none of the nursery employees was compelled to participate in the program or to forego use of the shotgun. In fact,

three employees agreed to be drug-tested so that they could use the shotgun. Accordingly, Thatcher's acts can only rise to the level of a substantive due-process violation if he deliberately concealed some inherently dangerous aspect of the launcher from those who used it.

The undisputed testimony in this case is that all the nursery employees, including Tucker, received training in the use of the launcher. To avoid misfires, they were instructed to carry it in two pieces without a round loaded. They were shown how to load and fire the launcher. A safety officer took notes of the training sessions and evaluated the launcher. According to the undisputed evidence before us, had Tucker followed the procedure by which he was trained to fire the launcher, the launcher would not have shot a round into his leg. Put differently, there is no evidence that the launcher malfunctioned or that the procedure for firing the launcher caused the round to fire into Tucker's leg. Thus, while Thatcher may have been negligent in failing to ensure that the launcher was equipped with the appropriate safety devices and by providing expired shotgun shells, because he took steps to try to ensure that the launcher would be used in a safe manner, that negligence does not rise to the level of a constitutional tort.[1]

### III.

Tucker's estate also alleged that, under state law, Thatcher was wilfully negligent in requiring Tucker to operate the launcher. The government argued that the state tort claim was pre-empted by the FTCA. Tucker's estate acknowledged, before the district court, that it had waived any FTCA claim against the government (by failing to file a timely administrative claim). Accordingly, the estate's tort claim can survive only if it has not been pre-empted by the FTCA.

The FTCA, which waives the government's immunity to suit, applies to certain tort claims so long as the government official sued is acting within the scope of his employment. *See* 28 U.S.C. §§ 2674 (waiving suit for certain torts); 2680 (exceptions to waiver); and 2679(d)(1) (scope of employment).[2] The instant action does not fall under any of the exceptions enumerated under § 2680. Thus, whether the FTCA applies to the instant action depends upon whether the government correctly certified that Thatcher acted within the scope of his employment. *See Guitierrez de Martinez*, 515 U.S. at 423, 115 S.Ct. 2227.

We determine the scope of employment by looking to the relevant state's respondeat-superior doctrine. *See Pelletier v. Federal Home Loan Bank of San Francisco*, 968 F.2d 865, 876 (9th Cir. 1992). Under Idaho state law:

[I]n general the servant's conduct is within the scope of his employment if it is of the kind which he is employed to perform, occurs substantially within the authorized limits of time and space, and

1. Because there was no constitutional violation, we need not reach the issue of qualified immunity.

2. The FTCA, as supplemented by FELTRCA (also known as the Westfall Act), 28 U.S.C. § 2679(d)(1), requires that, upon:

certification by the Attorney General that the defendant employee was acting within the scope of his ... employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a United States district court shall be deemed an action against the United States ... and the United States shall be substituted as the party defendant. *See also Gutierrez de Martinez v. Lamagno*, 515 U.S. 417, 422, 115 S.Ct. 2227, 132 L.Ed.2d 375 (1995).

is actuated, at least in part, by a purpose to serve the master.

*Podolan v. Idaho Legal Aid Servs.*, 123 Idaho 937, 854 P.2d 280, 287 (1993).

In the instant case, while Tucker's construction and use of the firearm may have been illegal, it was used to scare birds during work hours on the Forestry Service's land. Furthermore, although Thatcher intended, in authorizing employees to use the firearm, to circumvent the Forest Service's mandatory drug testing policy, his "purpose or intent, however misguided in its means, [was] to further the employer's business interests." *Podolan*, 854 P.2d at 288.[3] Accordingly, Thatcher acted within the scope of his employment, certification was proper, and therefore the FTCA preempts Tucker's estate's state-law tort claim. *See Billings v. United States*, 57 F.3d 797, 800 (1995). Because the estate waived its FTCA claim, the court properly dismissed this cause of action.

Accordingly, the district court correctly found that any tort did not rise to constitutional dimensions, that the FTCA preempted the estate's state law tort claim, and that any FTCA claim was waived.

AFFIRM

---

3. Only "[i]f the employee acts from 'purely personal motives ... in no way connected with the employer's interest'" will the employer avoid liability.